23-2-1-1-0. Good morning, Mr. Goldberger. Good morning. Mr. Goldberger, this is, at least in my experience, a really unusual case. It's richly for somebody who's a class action groupie, because I've never seen a criminal case converge in some criminal respect with the provisions of Rule 23 and the Rules of Civil Procedure. And of course, restitution is an issue here as is a question of loss. And they were not simple to resolve, but what we are resolving within a criminal proceeding with these various class action proceedings out there and the settlements that have been reached. I would like to start out by, in fact, I will assert and see whether you agree or disagree, that it was the class as an entity, as that unusual creation that Judge Posner called an ingenious procedural device, that experienced the loss here, not individuals. Because what existed at the time these fraudulent claims were made, the class was in existence and the claims were made against the class or from claims were made to the class. The government's theory, which the judge adopted, was that because the class, and I'm very glad you looked at it in this perspective, the class gets a pot of money, right? And the pot does not get larger or smaller based on how many people make claims to participate in the settlement, or it actually is affected by the number of people. I mean, most of these had to be 23B3 actions, which afford to members of the class a right to opt out. In fact, the rule was amended and they have two points where they can the extent to which a number of people opt out to either pursue their own claims or they just don't with a matter of principle want to be part of this, that still is going to affect downstream, who gets what. But if the class as an entity is the victim, that's a fixed amount of money fixed by the settlement. That's my point. And the finding by the district court was each pot of money from each of the class actions that we're talking about is a fixed amount of money. The amount that an individual can get out of the pot depends on a formula described in the settlement, right? Described in the settlement and applied by the claims administrator. And to the extent that someone said to be my client, get some of the money out of the pot, but is not entitled to it, necessarily everyone else who's entitled to get money out of the pot gets less. You disagree with that? Well, we disagreed with that on the loss argument, which you didn't invite argument on. But as to restitution, I accept that as a starting point. And the point is that if anyone lost anything, it was those other members of the class. I'm not sure I understand your point about the class as a whole being a victim, because the class as a whole has the same pot of money. The class is the only entity who has the pot of money. The pot of money. Because the class is an entity that really forecloses the individuality of members of the class as they have been defined in the certification order. So they don't come into play until they've actually made the claims. Okay. There's really one person or entity that can be the entity that experiences a loss. And to cut to the appeal, that is not the entity to which restitution was ordered. Like any other criminal penalty, restitution is defined by statute and can only be awarded in strict accordance with the terms of the statute. The government invokes in the opening line of this part of their brief, fundamental justice. That is not the standard. The standard is text. Restitution by proxy. Restitution by proxy, what we're dealing with here. So there was not a, this was not a proxy situation where an entity that stands in for unknown individuals serves their purposes, serves like a charity. But the restitution goes to the administrator, the claims administrator. Right. Who suffers no loss. And the claims administrator can then identify the individuals to whom the which is unlawful. How was that unlawful? Because the administrators to whom restitution was ordered to be paid is not a victim of the offense. I was about to ask you, would you agree with me that the district court was wrong in saying that the claims administrators were victims? Yes. Yes. Yes. That's exactly the point. And then just to make sure I'm answering Judge Trepo fully, the court then directed the administrator and stated that it anticipated that the administrator would identify the class members whom the court believed had been underpaid and to direct any money received in restitution over to them to identify them and send the money to them. There is nothing in the restitution statute that authorizes this kind of delegation scheme. It's not a proxy. The money is not going to the administrators in lieu of other victims because the administrator, the proxy, you know, the alleged proxy serves their interests, protects their interests. That's that has been done in cases where it's kind of like a charity fraud and the money goes to the attorney general's nonprofit unit. In describing this proxy theory, a proxy for whom? Right. I mean, I ask that because, again, I know that the class is the entity. It's the only entity that really exists for the litigative purposes of this lawsuit and for the ultimate payout. And so while we are eventually going to be looking at claimants who can make out that they have a claim for this amount because they qualify under the definition of the class as set forth in the certification order, that those determinations are going to be made by the administrator. You either fit into these or you don't fit into these. You're entitled to this amount. You're not entitled to this amount. But are you suggesting that there was no loss to the class such that the individual class members were not receiving as much as they would have but for the fraud of your client? That's the finding that the district court made and we didn't dispute it in this appeal. It was disputed at sentencing, but I've not disputed it on appeal. The dispute on appeal is that nothing in the statute authorizes this kind of multi-step process for distributing restitution to unidentified downstream victims. I'm sure it was not contemplated that you have a criminal proceeding that was somehow bumping into a class action. But plenty of other ways this can be done and were done. The case was prosecuted civilly in parallel by the SEC, a large garnishment award was given, disgorgement was awarded, and the disgorgement can be processed on the civil side. And Judge Kenney saw that it was the same money because he ordered on the civil judgment that a credit be given for any money collected on the criminal side. So then what do we do? Let's assume we agree with you this was not done right. What do we do? We vacate the restitution. It's illegal. Yes, it's an illegal sentence. No lawful restitution was ordered. The government doesn't get a resentencing because they didn't advance a lawful theory at sentencing and the judge didn't order it. So we vacate the sentencing and Mr. Camerota keeps the money. No, he's been to pay the same money two other ways as a money judgment restitution and in garnishment to the SEC. The legal system is not going to allow a triple dipping. The legal system would allow a double dipping. I'm sorry to say. Excuse me? Unfortunately, the legal system does allow a triple dipping, but not a triple. Well, the triple here, as I understand, you argued it. Yes. In the SEC proceeding. They did proceed to cover themselves in three ways. That's right. But we're going to look at this as a trust scenario because the claims administrator really is holding money in trust. Yes, that's true. You're saying that under the statute, the court could not award money to go to the trust and allow the trustee then to make the individual assuming that the claimants were the beneficiaries of the trust. The money could not be awarded to the trust and to allow the trustee to then figure out what beneficiaries are eligible for it. If I understand correctly what Judge Smith was saying, I think that's another way of asking the same question. I just go along with it. Right. It's the reverse of the prior case. If the government had sought it and if the district court had ordered it, perhaps restitution could have been ordered to the class. No one suggested that. It's not in any of the briefs. No one raised that. But that's the class. It's a kind of trust in your terminology for the investors who are members of the class and who don't opt out. But that wasn't done. What was done is unlawful and it should be reversed. If you're giving the money to the class, why wouldn't the claims administrators serve as a proxy for the class? They're not a proxy for the class. They're clerical functionaries. The functionary is to dole the money out to the people who are entitled to it. But they have no fiduciary obligation. They're approved by the court as part of the settlement. But someone who is a fiduciary for the class is the judge who approved the settlement and presumably also certified the class. And that's the law of just about every circuit in the country and no such entity was sought or was ordered restitution. So it should be vacated. It's illegal. And as it happens, no harm to the government. But it's unlawful. It should be vacated. You say no harm because the victims will be made whole? Yes. Through remission of the forfeiture or through the garnishment in the civil case or both. Maybe then you get to the property, the Poconos property, which arguably would serve for at least part of the compensation as well. And you're saying the seizure of the forfeiture of the Poconos property was improper? Yes. So the way that Rule 32.2 works is the defendant is entitled to a jury trial for the on the nexus between specific items of property and the offense that authorizes restitution. It's identifiable at the time of the trial, right? The rules leave open the prospect of after discovered property, right? After trial. Yeah. I'm sorry. No. After sentencing. What the rule says, what Rule E says is evidence for items, additional items that were located and identified after the order of forfeiture was entered. That means after sentencing. The rule does not address. Well, first of all, so you understand what happened. At trial, Judge Kenney complied with the rule by saying, do we have anything on forfeiture that needs to go to the trial? Judge must or the sentencing judge must. So he didn't. Nobody violated anything. He didn't commit any error there. He didn't commit any error at trial when he asked the prosecutor, do we have anything about forfeiture that needs to go to the jury? And the prosecutor said, no. I mean, it specifically said we are not seeking the forfeiture of any specific. Didn't he say only money? Only money. Only money. And at sentencing, the government changed its position and sought the forfeiture of this item of property. Okay. But doesn't the record support their contention that they didn't know about? No. That this was after. No, there is nothing in the record that supports that contention. That is an assertion that was made. It's a fact, purely factual assertion was made for the first time in the appellate brief. And that is the essence of our second aspect of this argument. Is the essence of your case on forfeiture that your client was denied a jury as to the forfeiture? Yes. A jury. Yes. Because you make a statement. The judge is not a jury. Of course, you know, that's true. That's obvious. But given McIntosh, it seems like there's a right there without a remedy. Given McIntosh, what happens in this scenario? The remedy is that the item of specific property cannot be ordered to be them proceed accordingly as they, I think, would be permitted to do that. Because this court's cases in Dickler and Rowe prohibit that. How so? That we do not give the government a second bite at the apple for having a better idea on appeal of a factual nature of what they wish to do about a sentencing error. They have to make their case. The defense lawyer made the right objection here. And the government responded without saying we did not discover this property until whenever. And invoke some rule that would authorize the forfeiture to be made at that time in that way. And they brushed it off as not a violation of the rule, which it was, the judge ordered forfeiture in violation of the rule. The remedy is to vacate the forfeiture to the extent that it reaches the house as a specific item. If the government has some other way to get the house later if they need it, they can do that. They can. They can. But they can't get this court in a criminal appeal to facilitate it. It's not part of this appeal. It's not part of this appeal if they have some substitute asset proceeding they want to invoke later in another way. They don't get to ask this court to administer the forfeiture in a way that they didn't ask. How does that benefit your client by allowing the government to proceed somewhat sometime down the road with a forfeiture proceeding rather than just having us with the limited purpose of giving you an opportunity, giving your client an opportunity to have a jury? They may or may not be able to prove the tracing. They may or may not. That's why I'm saying they may or may not be able to have a shot at another at a jury. Let once again, doesn't that doesn't that remedy? Oh no, there's no jury. There won't be a jury. Okay. None of the proceedings that might hypothetically happen in the future that the government invokes in their misguided version of Harmless Hour. I'm saying if we were to remand this case, since you wanted a jury in this case. Remand the case for a jury trial on this issue? As I said earlier, I think we're talking past one another. You have said a judge is not a jury. I asked you a while back if what was at the heart of this was that your client did not get a jury on the forfeiture of the real property issue and you agreed with me. So I'm trying to figure out a way that we could procure that. The error was not the overruling of a request for a jury at the time of trial. There was no request. Well, there couldn't have been because nobody allegedly knew about the property. We don't concede that and there's said allegedly. The only point, the only relevant evidence to that is the affidavit of the forensic examiner who traced the property and there's nothing about dates or times. And I'm very doubtful that by the words located and identified after the order would apply to this house. The house was not located. They didn't misunderstand where the house was located. They didn't identify the house. They knew the house existed. They just didn't get around to doing what now in hindsight seems the rule required them to do. So their big mistake was answering the question or asserting to the trial court, we only want money. That was their error. No, the error is the entry of an illegal order of forfeiture at sentencing. So our position is there was no error at trial. That's based upon the statement that he just said. The government waived the forfeiture of any item of property by saying we only want proper money. How did they waive it? By saying we only want money. That's what I just asked you about. That's a waiver. That's a waiver and they forfeited. They talk about waiver and forfeiture in the appellate process. They waived the claim for the item of property by giving that answer at trial and they forfeited this factual claim about oh we didn't know we hadn't we weren't able to do the tracing at the time by not raising it at sentencing when the objection was made. Couldn't they still proceed against the property under 853? So they say. Assuming that they can establish one of the five. So if they can meet the statutory requirements we'll cross that bridge when we come to it. So when you ask what what's in this for my client is compliance with the law. We want we want no sentence imposed on him that is unlawful. And of course not for forfeiture and not for rest and not restitution. Of course his ex-wife I think gets more than he does out of that. Well that there was there's a divorce settlement that says she gets 80 percent. There's a subsequent multi-party written agreement that was filed in the civil case and cross-filed in the criminal case in relation to the stay that modifies her rights a lot somewhat. But yes yeah but that's that's not part of this appeal. This appeal is simple. No sentence can be imposed that is not authorized by law. A restitution was imposed that is not authorized by law. Forfeiture was imposed that is not authorized by law. Those should be vacated. Thank you. Good morning Mr. Shapiro. Good morning your honors. May it please the court. My name is Paul Shapiro. I'm an assistant United States attorney and I represent the United States in this case. I'm happy to start in either reverse order or forward order whichever pleases the court. Why is Mr. Goldberg wrong? It seems to me well first of all what is the quote newly discovered evidence? Where is that in the record? Sure so when you so you need to actually go back to the to the trial record and I'm if you will give me a little bit of latitude to answer your question. I do need to step back and address the waiver question first because they're intimately related. There was not a way. I'm not sure how you're going to get there but I'm really just concerned with whether or not the representation that was just made is accurate. That there's nothing on the record to substantiate. And there is. This is newly discovered evidence. Okay and so the short answer is it's the combination of the representations we made to the court at the time of trial with the submission of the declaration afterwards along with the with the interchanges between the parties at the time which is why I want to step back to that to that interchange. So Mr. Goldberger says loud and long that the government waived but when you go back to the trial record we did nothing of the sort. We addressed a question about the presently existing state of facts. We answered it truthfully and completely and honestly and made no statement about our future intentions or rights. So if you go back to page 1802 of the record the judge says we can go on the record so forfeiture we already discussed we don't need to do anything with that because it's not a notice of forfeiture as to specific property. In other the judge is addressing the notice in the indictment and is accurately stating although the notice says specific property it doesn't identify it because we didn't have it. Why did it say specific property just to kind of cover yourself with paper? Well the statute requires that if we are going to be asking for specific property we say in the notice we're going to be asking for it but then it tells us we don't have to identify what it is. You're not required to a specific amount of money you're not required to identify a particular piece? No but we are required to say that we're going to ask for specific property if we ever are so we do and the notice did. So it was it then after that so it's unspecified it's what you might call unspecific property. Okay but after that which more specifically asked by the judge and you said no? So no and then so the judge says the notice of forfeiture does not identify any specific property and my colleague says it's a money judgment only. So technically actually addressing the words he was affirming to the court that the notice is seeking a money judgment only and more generally what he was saying to the court was. That is the kind of argument that only a lawyer could love. No but in the context what we're saying to the court is we have nothing beyond a money judgment at this moment. So when did the government find out about the Pocono House? So we knew that the house existed and we knew it belonged to Mr. Camerata. Right when did you know that? Certainly by the time of the bail proceeding very early on but we were not in a position to identify it as specific property until after the sentencing You said you knew the house existed but you weren't in a position to assume that. Okay so what is it we need to do to identify something as specific property? We need to know that it exists but we also need to know that it's tainted. In other words if you look at the rule if in that colloquy with the court we had said we're aware of the Pocono House the judge would have said to us okay now by rule you have to provide the jury with evidence that it's tainted. We had no evidence. We were not aware of its tainted status. Not a big surprise. This is a case with millions and millions and millions of dollars of fraudulent proceeds and a defendant who had even before the fraud began millions and millions of dollars. He had dozens of accounts. He had assets distributed literally across the globe in the United States, in Colombia, the country of Colombia, in the in the Bahamas. He had insurance policies in the names of others where he could use the property and he could lodge his property there. Even these many years later there are daily dozens of emails relating to Cameron's property. It was a complicated complex case and the statute and the rules contemplate that in such circumstances the government is to identify the specific property that it can then prove is tainted as of the time of sentencing and we have every incentive to do that. Understand it's in our interest to do that twofold. Number one by identifying the property we are able to prevent its dissipation. We're able to preserve it and prevent its dissipation. So we have every incentive to identify it early and often. We also have every incentive to have the issue tried by a jury if the jury is available because by definition forfeiture issues get tried to the jury under one circumstance and one circumstance only where the trial jury has already convicted the defendant of committing a crime that results in forfeiture and they have convicted him beyond a reasonable doubt. So to say that it's a favorable forum for the government is an understatement. It's a glorious forum for us. So if we have the opportunity to identify specific property it's in our interest to do so and in many many cases of course that happens. Well and you do that's right you say identify what you're really saying is taint. Well but identify as a term of art because knowing that a piece of property exists doesn't tell you that it's subject to forfeiture under the statute. We need at least probable cause right otherwise we couldn't even we couldn't even get it included in the notice in the indictment. We need at least probable cause if not as a as a matter of professional ethics we couldn't proceed to present an issue to a jury where we didn't believe we had a preponderance of the evidence. So when the the rule and the statute talk about identifying property it's not oh we didn't know that the Pocono property existed we knew it existed but we had no evidence as of the time of our representation to the court that that property was subject to forfeiture as a tainted item. In other words that it was the kind of thing that we were entitled to proceed on by way of identification and presentation to the jury. So under the law I is Mr. Goldberger correct that somewhere down the road you have an opportunity to proceed with a forfeiture so of this real property. Yes yes. We vacated this part of the sentence. Except that vacating would be we did nothing wrong and the court did nothing wrong here because by the time of sentencing we were aware of the existence of the property and of its tainted status and under the statute we are to present the statute actually deals with that circumstance somewhat directly and implicitly. What the statute says is if at the time of sentencing the government cannot identify all the specific property that it might want the court is to enter a general order that identifies the specific property that is subject to forfeiture as tainted and then generally allows the government to come back and that's exactly what was done here. As of the time of sentencing we knew about the tainted status of the Pocono property so it was included in the preliminary order of forfeiture that was presented. Now and the defendants claim that oh I lost a jury trial right that is not accurate. There is a jury trial right by rule not by constitution but by rule but it's a right that is very limited. It is limited essentially what it is is there are competing interests and the rule right the supreme court had already told us it's a non-constitutional you don't have a jury trial right to determine any aspect of your sentence including forfeiture and so the when the authors of the rule decided that that if there was a jury available and if it would not interfere with the primary objective of forfeiture which is to separate the wrongdoer from his ill-gotten gains then let's use the jury that's there. But if it is inconvenient if it interferes with that primary purpose then we do it with a judge and not a jury and so if by the conclusion of the of the trial proceeding we have identified a specific property is tainted the jury gets to decide it if if either party requests right we have that same right too and as I as I pointed out we would be inclined to avail ourselves of that because it's a very friendly form but if neither party wants it then the judge decides it and the or because the property is not yet identified in the sense of knowing of its existence and knowing of its connection to the defendant's offense. So here that knowledge came to our attention after trial and before sentencing and so we did what the rule requires us to do and I would point out to you the idea that our investigation had not yet turned up the Pocono property as of the time of the end of the trial. That's not dereliction that's not improper indeed if you look at the advisory committee notes to the rule 32.2 they specifically point out that they contemplate that a government's financial investigation might not actually begin until the conviction. Now as I say we have incentives to do it early but there are of course there are lots of investigations and lots of cases and this case involved many many many assets with money moving in and out some of it clean some of it dirty and so the process of identifying would start with the most important assets and would ultimately arrive at the ones that are less important. In this case by the time the analyst got to the house it was post-trial pre-sentencing and so it was included as it should have been in the preliminary notice of forfeiture. What about the claims administrator in the statute? Okay so as I say my view is there was no waiver and the and the proceedings went as they should have. With regard to restitution I it's a it's a it's a bad policy but I would I'd like to start by quibbling with Judge Smith a little bit. I do it all the time. Go go right ahead. Let's hope that you have a better chance of being right. I would be satisfied with having the same chance of being right as Judge McKee. So your concept is absolutely correct. I'm pretty confident of that having taught class actions for 15 years. But the the victim here is not really the class itself because the classes includes people who actually are not among the people who are going to get paid. No no it doesn't then they're not class. Yeah just by definition. That's yeah that's that's the contradiction in terms. Well the the the settlement fund the the approved claimants to the settlement fund all have to be members of the class but all not all members of the class are approved members of the settlement fund. Then they shouldn't have been members of the class in the first place. Well no that has to be a downstream administrative determination made. They have to make they have to meet the requirements of what a class member is to be pursuant to the certification. I absolutely agree with that. I and I and maybe maybe it's a terminology issue. I'm I'm and I'm trying to be very very careful. If you think about the the like I don't know not a week goes by that I don't get something in the mail that tells me that I'm a member of the class. And if I bought this stock if I bought the stock during the relevant time and I suffered the relevant loss I am a member of the class. But I'm only entitled to compensation if I go through the steps that are necessary. Sure that's true that but but if you don't it doesn't make you any less a member of the class until the period of time is over for you to have made a claim. At that point you have no right to it. You forfeited any right to be a member of the class. I'm not a class well okay I with that I in my view I'm still a member of the class. I'm just not I'm just not entitled to any money. No you well you're not entitled to any money by the terms of what I would think are most or all settlement agreements certainly. So so so let's let's let's sort of I I can adopt your language or we can adopt neutral language which is you have a group of people who are members of the class who have qualified to receive settlement funds. And whether who was defrauded here the the the the the persons who are qualified to be class members who were also qualified to receive funds from the settlements. So downstream they would experience some loss some lesser amount. Correct. But at the time of the fraudulent activity to whom were the claims of the the victims here the the defendants here made? They were made to the funds right each they were made to the funds which were simply an adjunct of the class. The class still existed at that time. Or they were they were the subject of court order right there it was a it was a court administered fund in each case. And if you look and Mr. Goldberger has has has elided the the actual language of the restitution order. And disadvantage you if the if we were to determine that in fact it was the class that was defrauded here and experienced the loss for sentencing guideline purposes. Not in fact not as as as your honor is using the term not at all because that's who the restitution was made payable to. The judge actually ordered restitution to the settlement funds which I think is another word for for the term that your honor is using which is the class. The judge didn't make it payable to the claims administrator. The judge made it payable to the settlement funds for the administrator then to take those funds and distribute them in turn to those eligible those who were eligible to receive them at the time of the initial distribution or distributions. So it isn't it isn't that the judge made a mistake and and and classified the administrator as the victim and made the made the restitution payable in favor of the administrator. He absolutely did not. If you actually look at the at the judgment itself which I think is at appendix pages two and following. The the restitution is made is victim funds f-u-n-d-s as outlined in the attachment on restitution. And if you look at the attachment on restitution it lists a series the first very first column is entitled fund. And it has the name of the fund as a result of the particular court settlement. And then it identifies the administrator who's administrating it. And it's it's very similar. Imagine that it was a decedent's estate. That that a person died and they had a will and there was a million dollars in the estate and Mr. Camerata pilfered five hundred thousand of it. The court would order Mr. Camerata to return the five hundred thousand dollars not the beneficiaries. I I'm sure that's correct. But again it's not what we have here which is a pretty much a unique situation. At least it's unique in my experience where we have this convergence of criminal restitution because a class itself was defrauded. Which meant money to which class members were ultimately entitled had been taken wrongfully. True. But but it was take it was taken out of a pool that was going to be distributed. And so the judge's order says put it back in the pool. You took the money out of the pool. You made the pool you made the water level in the pool drop. Put the water back. Yeah. And then the pool goes back up and the the new water gets distributed the way. So how is how is defining the entity or party or victim here as the class impacted in any way by that? I mean the money goes back. I agree with you. It goes back to the class. Meaning it goes back to the fund that is a function of the settlement between the parties. And that's what Judge Kenney ordered. That is actually literally what he ordered. Well he also called the administrators victims which can't be correct. They were lied to. They they were lied to. They were not monetary victims here. They probably were not monetary victims. But he also the judge made it very clear that the victims that were getting restitution in this case. If I've if I've been lied to I don't consider myself a victim and plus I'm stupid enough to have believed the lie. Which they did which of course they did to the tune of 40 million dollars. And and look the administrators themselves may have there may have been financial consequences because they may have borne some liability. But they didn't get any restitution. The restitution doesn't go to the administrators under the order. The restitution goes to the settlement funds. The administrators are paid otherwise. It's for the function that they serve. In the in the exact same way that if a trust if a if a an estate a decedent's estate were defrauded the money would go back to the estate and the administrator of the estate would parcel the money out. It's it's exactly the same. I also want to correct something that that Mr. Goldberger said. Which is he said it doesn't really matter what you do because these victims are all going to get paid in the civil case. Not true. The SEC has cabined its own financial damages only to the money that the SEC was going to get. And has given the defendant credit up front for all of the restitution payments. So if the restitution payments go away the the civil judgment does these victims absolutely no good. And under the law of course the government is entitled the victims are entitled to their restitution and the government is entitled to its forfeiture both. And what Mr. Goldberger is suggesting is that despite the fact that his client made off with 40 million dollars that there should be no restitution owed. That and if the government wants to qualify victims for forfeiture funds. Of course one of the requirements to qualify victims for recompense under forfeiture funds is that they be victims under a court's restitution order. So essentially what Mr. Goldberger is saying is that this 40 million dollars goes back to Joe The forfeiture order was entirely appropriate if you actually look at the order and look at what Judge Kenney did. The people, the ultimate victims, the class members as your honor suggests actually suffered two losses. They suffered the initial loss as a result of the securities fraud. And they were being and then they had their compensation for that first loss hijacked by the other. It's like if my house were the subject of arson and the insurance company came and sent me a check for a hundred thousand dollars to rebuild the house and Mr. Camerata pilfered the check from my mailbox and cashed it. The judge would say to him give Shapiro a check for a hundred thousand dollars. He couldn't defend on the grounds that while the insurance company was generous he really he Shapiro only suffered 75,000. No, I suffered a hundred thousand because I was getting a hundred thousand. In this case the claimants in the fund had been approved for settlements which represented a portion of the 40 million dollars. The defendant took that away reduced the amount that they would have gotten and Judge Kenney said put it back and the administrators will distribute that to the people who would have gotten it in the first place. That's entirely what the restitution statute is designed to accomplish. Thank you. Thank you. If I may I'd like to talk about the forfeiture. We'll stand on my argument with respect to the restitution which did not comply with the statute. I didn't hear what you said. I didn't hear what you said. I'm sorry. I'm standing on my argument that the restitution did not comply with the stat with any provision of the restitution statute. However, it could be logically justified in some other way. But I would like to talk in the time I have in rebuttal about the forfeiture because the government is making a kind of a shocking argument. The government says we knew about the house. We knew about the month. We knew about the bank accounts. We had all the bank accounts. We can deprive not just Joe Camerata but any defendant at any time at will of the very limited right that a defendant has under B-5 to a jury trial under these circumstances by choosing not to have a government agent read the bank records. And so if we haven't satisfied ourselves that we can satisfy our tracing obligation in effect by choosing not to prepare for trial, we can defer this issue that is to be decided at trial to the defendant's benefit with a jury to some later stage where the defendant doesn't get a jury. Um they they had the bank records and I'm let's just I'm accepting as fact all these facts which are not in the record that my friend Mr. Shapiro has articulated that they when they just knew about the house when they knew about the records blah blah blah all of that. I accept that as true it's it shows they're wrong. They chose not to prepare and then they're using their lack of preparation as a defense. That can't be right. That's not a plausible reading of B-5 and E of rule 32.2 together. And I think the the words of 32.2 E show that can't be right because it talks about property that the government uh discovered it's not the word they use but after the order was entered that means after sentencing the government has no such leeway in the time between trial and sentencing under the terms of the rule. And the benefit to the defendant of a jury is what we heard that Mr. Camerata had plentiful other untainted assets. A jury would not have had to agree may I finish this thought a jury would not have had to agree with the last in first out hypothesis of the government's tired forensic examiner that they used for sentencing. They could have said that this couple had plenty of money to buy this house and we're not persuaded that any of the money from the fraud that we just convicted above went into the house. The government hasn't shown it by burden they would have at this jury trial. And for the government to say well the jury trial is their argument makes the very limited right to jury trial that the defense function the defense interest fought tooth and nail over the wording of 32.2 when it was created in rule 2000 to preserve some right to jury trial. And the government now has a theory to negate that entirely by relying on their own choice not to prepare for trial and to be negligent. This right this claim was waived at trial forfeited at sentencing and this forfeiture should be vacated.